UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL JOSEPH PRATT,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE S. GAMBOA,<br><br>Defendant. | Case No. 17-CV-04375-LHK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 69, 70 |

Before the Court are Defendant Lawrence S. Gamboa's ("Defendant"), and Plaintiff Michael Joseph Pratt's ("Plaintiff") administrative motions to file under seal. ECF Nos. 69, 70. The parties seek to seal medical records filed in connection with Defendant's motion for summary judgment. For the following reasons, the Court GRANTS the parties' motions to file under seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted). Within the Ninth Circuit, documents that are more than "tangentially related . . . to the underlying

cause of action" are not sealable unless the Court agrees that "compelling reasons" exist to overcome the presumption of access. *See Kamakana*, 447 F.3d at 1179. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

As the Court previously noted, the parties wish to seal documents related to Defendant's motion for summary judgment. ECF No. 68. Courts have applied the compelling reasons standard to sealing motions related to answers and counterclaims, because answers and counterclaims constitute the pleadings on which an action is based. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678–79 (9th Cir. 2010) (explaining that the compelling reasons standard applies to sealing motions in connection with summary judgment). The Court will apply the compelling reasons standard to the instant motions to seal. Thus, the parties must overcome the presumption of public access by offering "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

In our district, in addition to meeting the applicable sealing standard, all parties requesting sealing must comply with Civil Local Rule 79–5. That rule requires, inter alia, the moving party to "establish . . . that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). In order to do so, Civil Local Rule 79-5(d) requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." The sealing request

must also "be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79–5(b).

The Court now turns to the merits of the instant sealing motions. First, Defendant seeks to seal three exhibits, each of which consists of portions of Plaintiff's medical records. ECF No. 69-1 ("Kodical Decl.") ¶ 2 (explaining that Exhibits A, B, and C to the Kodical Declaration "contain Plaintiff Michael Pratt's medical records, which the parties agree are confidential and should be protected from public disclosure under the Health Insurance Portability and Accountability Act of 1996"). Further, Plaintiff seeks to seal twenty-four exhibits, each of which consists of an excerpt of Plaintiff's medical records or an excerpt of deposition testimony discussing the medical records. ECF No. 70-1 ("Quackenbush Decl.") ¶ 2 (explaining that Exhibits 1–24 to the Quackenbush Declaration "contain Plaintiff's medical records, which the parties agree are confidential and should be protected from public disclosure under the Health Insurance Portability and Accountability Act of 1996"). Plaintiff also seeks to redact portions of Plaintiff's opposition to Defendant's motion for summary judgment that cite the foregoing exhibits. ECF No. 70-3.

In the instant case, the Court previously granted the parties' motion to seal Plaintiff's medical records in connection with a non-dispositive motion. ECF No. 16. In the Court's previous order, the Court explained that "medical records are deemed confidential under the Health Insurance Portability and Accountability Act of 1996." *Id.* at 2–3; *see also San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-cv-02258-SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (sealing portions of medical records sua sponte, because "medical records are deemed confidential under the Health Insurance Portability and Accountability Act of 1996"). Courts routinely conclude that "the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Steven City Broomfield v. Aranas*, No. 17-CV-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (citing cases); *see also, e.g.*, *Liaw v. United Airlines, Inc.*, No. 19-CV-00396-WHA, 2019 WL 6251204, at *10 (N.D. Cal. Nov. 22, 2019) ("This order finds compelling reasons to seal Liaw's private medical records . . . ."). Here, too, the Court concludes that compelling reasons justify sealing Plaintiff's medical records. Further, the parties' requests are narrowly tailored. The parties only seek to seal Plaintiff's

3
Case No. 17-CV-04375-LHK
ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

medical records, the portions of deposition testimony that discuss those medical records, and the portions of Plaintiff's opposition to Defendant's motion for summary judgment that similarly discuss the medical records.  Kodical Decl.; Quackenbush Decl.

The Court therefore GRANTS the parties' administrative motions to file under seal.

**IT IS SO ORDERED.**

Dated: May 22, 2020

_____
LUCY H. KOH
United States District Judge